UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY A. MAHAN,

    Petitioner,

v.

    Case No. 1:21-cv-90

    Hon. Hala Y. Jarbou

DARRELL STEWARD,

    Respondent.

_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court conducted a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases. The Court concluded that Petitioner had failed to timely file his petition, but allowed Petitioner 28 days to show cause why his petition should not be dismissed as untimely. (Op. and Order, ECF Nos. 2, 3.) Petitioner responded on February 11, 2021. (ECF No. 4.)

Petitioner explains that he did not timely file his petition for the following reasons:

- Here at Muskegon Correctional Facility the law library has been down since July 2020
- We are stricken with COVID-19 and are not operating under normal operation
- I caught COVID-19 and the disease put me down for months
- When a[n] inmate gives the law library clerk a disbursement for copying legal work or researching it we don't get that back for days
- I already missed one deadline because we [were] under lockdown due to a spread of scabies in Unit 3 plus the courts counted holidays and weekends
- I believe that I have valid issues that need[] to be addressed in the courts
- I am fighting for my life back with limited knowledge of how the appeal process actually goes
- Finally I am a[n] innocent man [who] was wrongfully convicted by a jury with no physical evidence

(Pet'r's Response, ECF No. 4, PageID.126.) Petitioner does not claim any ground for statutory tolling. Instead, he offers facts that might support equitable tolling and, as anticipated, he also claims that he is innocent.

## I. Equitable tolling

As the Court explained in the February 2, 2021 opinion supporting the order to show cause, the one-year limitations period applicable to § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner's offers the COVID-19 virus as an extraordinary circumstance. He notes that access to the law library has been restricted since July, he contracted the virus and was sick for an unspecified period of time, and that the library takes days to respond to copy and research requests. Petitioner has failed to show how these circumstances "stood in his way" to prevent the timely filing of his petition. Moreover, a prisoner's lack of access to law library resources does not serve as a basis for equitable tolling. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751–52 (6th Cir. 2011)

The petition indicates that Petitioner's four habeas issues are the same issues he raised on direct appeal. The approved form petition required him to do nothing more than repeat

the issues he raised on direct appeal, and Petitioner did nothing more than that. Petitioner also attached his state court appellate briefs and the Michigan Court of Appeals opinion. That may or may not have required Petitioner to obtain copies from the library. Even if Petitioner was required to obtain copies, however, he does not suggest that the library's generally slowed response times caused him to file late.

Petitioner also claims that his limited knowledge might be an extraordinary circumstance. It is not. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Moreover, Petitioner does not explain at all why he was able to file his petition on January 21, 2021, but he was not able to file his petition on January 19, 2021, when it was due. Showing an extraordinary circumstance is not enough, Petitioner must show that he was duly diligent despite the extraordinary circumstance. Petitioner was invited to explain why his petition was tardy in the form petition. He said nothing. (Pet., ECF No. 1, PageID.12–13.) Petitioner was invited, by way of the Court's opinion and order to show cause, to identify extraordinary circumstances and describe his diligence. He has said nothing about his diligent pursuit of his rights nor has he explained how the extraordinary circumstances frustrated his diligent pursuit. Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling.

3

**II.     Actual innocence**

Even if Petitioner is not entitled to equitable tolling, the statute of limitations bar might not preclude habeas relief if he is actually innocent of the crimes for which he is incarcerated. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In response to the show cause order, Petitioner states that he has "valid issues" and that he is "a[n] innocent man [who] was wrongfully convicted." (Pet'r's Response, ECF No. 4, PageID.126.) Petitioner proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Review of the court of appeals' opinion attached to the petition discloses that there was ample evidence that Petitioner committed the crimes of which he was convicted. (Mich. Ct. App. Op., ECF No. 1-1, PageID.17–26.) Petitioner suggests that the inculpatory evidence was not persuasive and that it was not credible, but he has wholly failed to provide evidence of his actual innocence. Accordingly, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore is time-barred.

4

### III.     Procedural default

Even if Petitioner's claims were timely, they would be properly dismissed on preliminary review because they are procedurally defaulted. Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–78 (1971); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993); *see also Picard*, 404 U.S. at 277–78. With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998) ("[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,' . . . does not, for the relevant purpose, constitute 'fair presentation.'")); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. Apr.

5

22, 1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. Aug. 16, 1996). One such "procedurally inappropriate manner" occurred here, because Petitioner filed his application for leave to appeal in the Michigan Supreme Court late. *See Rupert v. Berghuis*, 619 F.Supp.2d 363, 367 (W.D. Mich. 2008).  Therefore, Petitioner has failed to exhaust his state court remedies with regard to each and every issue raised in his petition because he has never fairly presented his habeas issues to the Michigan Supreme Court.

Failure to fairly present an issue to the state courts is only a problem if a state court remedy remains available for petitioner to pursue. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If no further state remedy is available to Petitioner, his failure to exhaust does not bar relief; but the claim may be procedurally defaulted. *Gray v. Netherland,* 518 U.S. 152, 161–62 (1996). Although the Michigan Court Rules provide for a post-conviction, post-direct-appeal remedy, *see* Mich. Ct. R. 6.500 et seq., relief is barred if such a motion "alleges grounds for relief which were decided against the defendant in a prior appeal . . . unless the defendant establishes that a retroactive change in the law has undermined the prior decision . . . ." Mich. Ct. R. 6.508(D). Accordingly, the Court concludes no further state remedy is available to Petitioner on his habeas issues.

If a petitioner procedurally defaulted his federal claims, the petitioner must demonstrate either (1) cause and prejudice—cause for his failure to comply with the state procedural rule (or fairly present the issue in the state courts) and actual prejudice flowing from the violation of federal law alleged in his claim—or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986); *Hicks*, 377 F.3d at 551–52.  The miscarriage-of-justice exception only can be met

in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536–37. For the reasons set forth above, Petitioner cannot establish a fundamental miscarriage of justice.

To show cause sufficient to excuse a failure to raise claims, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the claims. *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Factors that may establish cause include interference by officials, attorney error rising to the level of ineffective assistance of counsel, and a showing that the factual or legal basis for a claim was not reasonably available. *Cvijetinovic v. Eberlin*, 617 F.3d 833, 837 (6th Cir. 2010) (citing *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey*, 499 U.S. at 493–94) (quotations omitted)). None of those factors are alleged here. Indeed, Petitioner's application for leave to appeal to the Michigan Supreme Court was late because he mailed it more than a week after the deadline. (Pet'r's Appl. for Leave to Appeal, ECF No. 1-1, PageID.36, 38.) It appears that Petitioner had no one to blame for the late mailing but himself; thus, the Court concludes that Petitioner has failed to establish cause. Accordingly, even if the petition were timely, Petitioner's procedural default bars consideration of his habeas issues.

## IV. Certificate of appealability

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. In the alternative, consideration of Petitioner's habeas issues is barred by his procedural default. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. Although it was only a couple of days late, it was late, and Petitioner has failed to provide any explanation of an extraordinary circumstance that frustrated his duly diligent attempts to timely file his complaint. Moreover, reasonable jurists could not find it debatable whether Petitioner procedurally defaulted his habeas issues. He failed to fairly present his issues to the Michigan Supreme Court. No state court remedy remains. He has failed to establish any cause for his failure to fairly present his habeas issues to the Michigan Supreme Court. Therefore, a certificate of appealability will be denied.

Moreover, although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right and has failed to establish a debatable issue regarding his procedural failures, I would not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter and order and judgment dismissing the petition as untimely or, in the alternative, dismissing the petition because Petitioner has procedurally defaulted his habeas issues, and denying a certificate of appealability.

Dated:   March 1, 2021                                    /s/ Hala Y. Jarbou
                                                          HALA Y. JARBOU
                                                          UNITED STATES DISTRICT JUDGE